BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOSEPH M. ALIOTO JR. (CABN 215544)
WILLIAM J. EDELMAN (CABN 285177)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    william.edelman@usdoj.gov

Attorneys for United States of America

**FILED**
FEB 22 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSUE ALCEDIS ESCOBAR CERRITOS, <br><br> Defendant. | Case No. CR-17-00068-EJD-10 <br><br> [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT JOSUE ALCEDIS ESCOBAR CERRITOS |

    The defendant Josue Alcedis Escobar Cerritos came before this Court on February 22, 2017, for a detention hearing. The defendant was present and represented by his counsel, James McNair Thompson, and assisted by a Spanish-language interpreter. Assistant United States Attorney William J. Edelman represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

[~~PROPOSED~~] DETENTION ORDER
NO. CR 17-00068-EJD-10                      1

Pretrial Services submitted a report recommending detention, while noting that additional suitable sureties could affect Pretrial Services' recommendation.

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds that the defendant has not rebutted the presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the safety of the community, and that no condition or combination of conditions would assure the defendant's appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Josue Alcedis Escobar Cerritos is charged in an indictment with a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)(viii)—Conspiracy to Possess With Intent to Distribute 50 Grams and More of a Substance Containing a Detectable Amount of Methamphetamine, which carries a maximum term of imprisonment of forty years. A rebuttable presumption in favor of detention therefore applies in this case because the defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

The government made a proffer regarding the defendant's involvement in an MS-13 gang clique operating in the Santa Cruz area, including relatively recent incidents involving violence, access to firearms, and coordination with MS-13 gang members from outside of the area. In considering all of the facts and proffers presented at the hearing, the Court finds that the defendant has not rebutted the presumption under § 3142(e)(3)(A) that no combination of conditions could reasonably assure the community's safety.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds that the defendant has not rebutted the presumption under § 3142(e)(3)(A) that no combination of conditions could reasonably assure the defendant's appearance as required. In particular, the defendant's close ties to El Salvador, the defendant's reported possession of a passport from El Salvador, and the defendant's relatively recent travel to El Salvador all weigh in favor of detention on this issue.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: February 22, 2017

HON. SUSAN VAN KEULEN
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
NO. CR 17-00068-EJD-10                3